Totten, J.,
delivered the opinion of the court.
The case assumed by the bill is one of equitable estoppel, founded upon the following circumstances : A tract of seventy-five acres of land was granted to Stephen Moore, on the 30th February, 1830, and by him conveyed in fee to the other defendant, Hancock, on the 10th April, 1846; a tract of two hundred acres was granted to John Derting, on the 19th November, 1838, and part of it conveyed by him in fee to Hiram Morris, the plaintiff, on the 12th May, 1847; the two grants conflicted, and the land conveyed to plaintiff was that portion of the two hundred acres that conflicted with the seventy-five acres; and being part of a younger entry and grant, the title is inferior to that of the defendants. But the plaintiff alleges, that before his purchase the defendants disclaimed any ownership of the seventy-five acre tract; admitted their title to it to be of no validity ; consented and advised that the claimant under the adverse grant should sell the land, and that they would not contest or disturb the title; and that confiding in these assurances, of which it seems he was principally advised *434 by Ms vendor, he became the purchaser and took possession of the land. And now, since his purchase, the defendants have fraudulently set up claim to the land, and instituted in the circuit court of DeKalb, an action of ejectment to recover its possession.
In Slorrs vs. Barker, 6 Johns. Ch. R., 167, the rule of equity on this subject is thus strongly stated: “ Where one having title acquiesces, knowingly and freely, in the disposition of his property for a valuable consideration, by a person pretending to title, and having color of title, he shall be bound by that disposition of the property; and, especially, if he encouraged the parties to deal with each other in such sale and purchase. It is deemed an act of fraud for a party, cognizant all the time of his own right, to suffer another party, ignorant of that right, to go on under that ignorance and purchase the property, or expend money in making improvements upon it.”
To justify the application of this principle, it is material that the party should be fully apprised of his rights, and should, by his conduct or gross negligence, encourage or influence the purchase; “ for if he is wholly ignorant of his rights, or the purchaser knows them; or if his acts, or silence, or negligence, do not mislead, or in any manner affect the transaction, there can be no just inference of actual or constructive fraud on his part.” 1 Story’s Eq. Jur., sec. 386.
The rule, as stated by Mr. Kent and qualified by Mr. Story, seems to be in perfect conformity to the view entertained of it by this court, in the case of Patton vs. McClure, M. & Y. R., 339, in which it was held, that to entitle a party to relief upon the ground of equitable estoppel, it must appear that he made the purchase under an erroneous impression as to the title. In that case, there was a verbal sale of a lot of land in Clarks-ville, by McClure to Searcy, who took possession and made valuable improvements, and then sold and gave possession to Patton, who knew that the previous contract was verbal; it *435 was Reid, under the statute of frauds, it is true, that McClure was not estopped to set up title to the land, either against Searcy or Patton.
To maintain the equitable estoppel, the plaintiff must be able to show by averment and proof, that he has been injured by the deceptive and fraudulent conduct of the defendants; and considering that the effect of the rule is to take away the right of the true owner, by act in pais, and to confer it upon the plaintiff, who has purchased of a person having, in fact, no title, the case should be very fully and distinctly made out, to justify the application of the principle.
Now, the case is strongly assumed in the bill, but it is very much enfeebled by other facts and circumstances, likewise stated in the bill, and intended, no doubt, to support it. The plaintiff was perfectly aware of the nature and character of these conflicting titles ; at one time he applied to defendant Moore, to purchase a part of the land, and he was willing to malte sale of a doubtful title for a nominal value. The defendant Moore, had once made a verbal sale of the land, which was hot perfected, and he seems to have regarded this as one of the chief objections to his title, and this also was known to the plaintiff.
The answers deny the material allegations of the bill, and the proof in support of it is by no means conclusive. It is very evident that defendants had but little confidence in their title, and frequently spoke of its doubtful character. Some of the witnesses prove that they had said they would not contend for it; but this was not said to the plaintiff, nor does it appear that they said anything to him directly that should have induced him to disregard their title, and to purchase of the opposite claimant.
It is very probable that the plaintiff purchased under the belief that defendants’ title was abandoned ; but this impression, if made by defendants at all, was not made with any *436 view to induce him to make the purchase of the other claimant, or in any manner to deceive or to injure him ; and considering that the plaintiff was fully advised of their title, whatever opinion he may have entertained of its validity, there is a total absence of proof to make out a case of fraud, which we have seen is necessary before the principle relied upon can be made to apply.
The decree of the chancellor, dismissing the bill, will be affirmed.